1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | |
|---|---|
| JERRY CARL BRIMMER,<br><br>                              Petitioner,<br><br>             v.<br><br>NEIL MCDOWELL, Warden,<br><br>                              Respondent. | Case No. EDCV 15-1460-DDP (KK)<br><br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

16
17
18
19
20
21
22

        Pursuant to Title 28 of the United States Code, section 636, the Court has reviewed the Petition for a Writ of Habeas Corpus, the records on file, and the Report and Recommendation of the United States Magistrate Judge.  The Court has engaged in de novo review of those portions of the Report to which Petitioner has objected.  The Court accepts the findings and recommendation of the Magistrate Judge.

23
24
25
26
27
28

        In his objections to the Report, Petitioner also requests an evidentiary hearing.  However, in habeas proceedings, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998); see also Earp v. Ornoski, 431 F.3d 1158, 1173 (9th Cir. 2005).  "It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more

1    than a futile exercise." <u>Totten</u>, 137 F.3d at 1176.  Here, the Magistrate Judge

2    concluded all of Petitioner's claims could be resolved by reference to the state

3    court record.  Accordingly, the Court denies Petitioner's request for an evidentiary

4    hearing.

5         Also in his objections to the Report, Petitioner objects to the Order denying

6    appointment of counsel and requests appointment of counsel.  However, "the sixth

7    amendment right to counsel does not apply in habeas corpus actions." <u>Knaubert v.</u>

8    <u>Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986).  A district court is authorized to

9    appoint counsel for a habeas petitioner when it determines the interests of justice

10    require such appointment (18 U.S.C. § 3006A(a)(2)(B)); however, "[u]nless an

11    evidentiary hearing is required, the decision to appoint counsel is within the

12    discretion of the district court." <u>Knaubert</u>, 791 F.2d at 728.  "Indigent state

13    prisoners applying for habeas corpus relief are not entitled to appointed counsel

14    unless the circumstances of a particular case indicate that appointed counsel is

15    necessary to prevent due process violations." <u>Chaney v. Lewis</u>, 801 F.2d 1191,

16    1196 (9th Cir. 1986).  Accordingly, the Court finds appointment of counsel is not

17    needed to avoid a due process violation and Peittioner's request for appointment of

18    counsel is denied.

19         IT IS THEREFORE ORDERED that Judgment be entered (1) denying the

20    Petition for a Writ of Habeas Corpus; and (2) dismissing this action with prejudice.

21

22    Dated: April 5, 2016

23                                    HONORABLE DEAN D. PREGERSON

24                                    United States District Judge

25

26

27

28